1
2
3
4
5
6
7

8                UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   JAMES LYNN HINES,                    Case No.:  3:18-cv-02310-JAH-MDD
     Booking No. 18157967,
12                                        **ORDER:**
                              Plaintiff,
13                                        **1)  DENYING MOTION TO**
14              vs.                       **PROCEED IN FORMA PAUPERIS**
                                          **AS BARRED BY 28 U.S.C. § 1915(g)**
15                                        **[ECF No. 2]**
     GOVERNOR JERRY BROWN, et al.,
16                                        **AND**
                              Defendants.
17
18                                        **(2)  DISMISSING CIVIL ACTION**
19                                        **WITHOUT PREJUDICE FOR**
                                          **FAILURE TO PAY FILING FEE**
20                                        **REQUIRED BY 28 U.S.C. § 1914(a)**
21

22        James Lynn Hines  (Plaintiff), currently incarcerated at the George Bailey

23   Detention Facility ("GBDF") located in San Diego, California, and proceeding pro se,

24   has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

25        Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a);

26   instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.

27   § 1915(a) (ECF No. 2).

28   / / /

## I.    Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the

action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.     Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

While Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803

n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff James Lynn Hines, aka Jackson Malloy, aka James Lynn O'Hines, currently identified as GBDF Booking No. 18157967, but formerly also identified as CDCR Inmate #BD-9688, CDCR Inmate #K-86989, and Arizona Department of Corrections Inmate ADC #197067, has had at least seven prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1)      *Hines v. City of San Diego Police Dep't, et al.*, Civil Case No. 3:00-cv-00969-K-LAB (S.D. Cal. June 21, 1999) (Order dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & 1915A(b)(1)) (ECF No. 3) (strike one);[1]

2)      *Malloy v. Kowolski, et al.*, Civil Case No. 3:00-cv-01186-W-LAB (S.D. Cal. June 30, 2000) (Order dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)) (ECF No. 4) (strike two);

3)      *Hines v. Hissong, et al.*, Civil Case No. 3:00-cv-01177-JM-NLS (S.D. Cal. July 14, 2000) (Order dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)) (ECF No. 3) (strike three);

4)      *Malloy v. Corcoran Prison, et al.*, Civil Case No. 1:00-cv-05660-REC-DLB (E.D. Cal. July 11, 2000) (Findings and Recommendations ["F&Rs"] re Dismissal of Action as Frivolous pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)) (ECF No. 11);

---

[1] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

1 (E.D. Cal. Sept. 25, 2000) (Order Adopting F&Rs re Dismissal of Action as Frivolous)

2 (ECF No. 12) (strike four);

3      5)     *Hines v. Jaffe, Inc., et al.*, Civil Case No. 3:00-cv-02078-W-CGA (S.D. Cal.

4 Nov. 7, 2000) (Order dismissing complaint as frivolous pursuant to 28 U.S.C.

5 § 1915(e)(2)(B)) (ECF No. 2) (strike five);

6      6)     *Malloy v. Galaza, et al.*, Civil Case No. 1:00-cv-05647-AWI-HGB (E.D.

7 Cal. Nov. 8, 2000) (Memorandum Opinion and Order re Dismissal of Complaint for

8 failing to state a claim pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)) (ECF No. 7);

9 (E.D. Cal. Dec. 13, 2000) (Order dismissing action for failing to state a claim) (ECF No.

10 10) (strike six); and

11      7)     *Malloy v. Corcoran Prison, et al.*, Civil Case No. 1:99-cv-06647-REC-SMS

12 (E.D. Cal. June 6, 2000) (F&Rs re Dismissal of Action as frivolous and for failure to state

13 a claim pursuant to 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)) (ECF No. 15); (E.D.

14 Cal. Dec. 15, 2000) (Order Adopting F&Rs in full and Dismissing Action with prejudice

15 as frivolous and for failing to state a claim) (ECF No. 18) (strike seven).

16     Accordingly, because Plaintiff has, while incarcerated, accumulated more than

17 three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that

18 he faced imminent danger of serious physical injury at the time he filed this case, he is

19 not entitled to the privilege of proceeding IFP. *See Cervantes*, 493 F.3d at 1055;

20 *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (noting that 28 U.S.C. § 1915(g)

21 "does not prevent all prisoners from accessing the courts; it only precludes prisoners with

22 a history of abusing the legal system from continuing to abuse it while enjoying IFP

23 status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt

24 permission to proceed IFP is itself a matter of privilege and not right.").

25 **III.**   **Conclusion and Order**

26     For the reasons set forth above, the Court:

27     1)     **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2] as barred by 28

28 U.S.C. § 1915(g);

2)    **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3)    **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4)    **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: October 16, 2018

HON. JOHN A. HOUSTON
United States District Judge

3:18-cv-02310-JAH-MDD